**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSEFA PRINCIPE VELEZ<br><br>*Plaintiff*<br><br>vs.<br><br>OHI OF PUERTO RICO, LLC, d/b/a PEARL VISION<br><br>*Defendants* | Civil No:<br><br>ACTION FOR:<br><br>**ADA**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, JOSEFA PRINCIPE VELEZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

**INTRODUCTION**

1. This is a civil action brought for disability discrimination pursuant the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§146 ("Law 100"); the Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Laws Ann. §§ 501 ("Law 44"); and the Puerto Rico Law Against Unjustified Discharge of an Employee, 29 P.R. Laws Ann. §§ 185(a)("Law 80").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States.  Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367.  The state claims are so related to the federal claims in this action that they form part of the same case or controversy

1

under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. JOSEFA PRINCIPE VELEZ ("Plaintiff") is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico.  At all pertinent time Plaintiff has resided in Juana Díaz, Puerto Rico.

5. OHI OF PUERTO RICO, LLC, d/b/a PEARL VISION ("Defendant") is an entity organized under the laws of the State of New Jersey with legal capacity to sue and be sued and who operates various optical care stores in Puerto Rico.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff began working for the Defendant on or about March, 2004 as a Sales Associate at the Plaza del Caribe store.  Among Plaintiff's responsibilities as a Sales Associate were to fill out preliminary information of the patients, conduct preliminary eye examination and sell optic products.

7. On May 1, 2017 at around 11:00 a.m. while Plaintiff was a medical appointment with her doctor José M. Feliciano Pérez - she received a call from her supervisor Yamilka Burgos-Diaz (Manager of the Plaza del Caribe Pear Vision Store) informing Plaintiff to report to the store by 12:00 p.m. because Defendants' Operation Manager Maritza Pláceres was going to have a phone conference call with the Plaintiff.

8. Plaintiff immediately interrupted her medical appointment and went to Defendant's store at Plaza del Caribe Mall.

9. On that date Plaintiff's working schedule was from 4:00 p.m. to 9:00 p.m.

10. Once Plaintiff arrived at the store she was told that she could not be at the store that she should pick up all her belongings and leave the store immediately and wait until Ms. Pláceres called her.

11. At around 12:30 p.m. Ms. Pláceres called the Plaintiff and informed her that beginning May 2, 2017 Plaintiff was to report to work at Defendant's store located at Plaza Las Americas Mall.

12. Ms. Pláceres indicated to Plaintiff that she was making that decision because the store at the Plaza del Caribe Mall was going to close in the next 30-45 days. However, the store at the Plaza del Caribe Mall remained opened until at least until September 20, 2017.

13. Plaintiff reminded Ms. Pláceres that she suffered from severe sleep apnea and herniated lumbar discs with pinched nerves.

14. Plaintiff had informed Defendant of her severe sleep apnea during the months of March-April of 2017.

15. Plaintiff informed Ms. Pláceres that due to her severe sleep apnea she could not drive from Ponce to San Juan risking her life and the life of others.  Plaintiff also informed the Defendant that her lumbar herniated discs would prevent her from driving the distance from Ponce to San Juan and vice versa.  Despite this, Ms. Pláceres indicated to Plaintiff that she expected Plaintiff to report the following day to the store located at the Plaza Las Américas Mall.

16. After the phone conference call, Plaintiff reported back to her doctor's appointment. As a result of such visit, Dr. Feliciano issued a medical certification regarding Plaintiff's severe sleep apnea, high blood pressure and lumbar disc condition and certified that Plaintiff could not drive long distances. Dr. Feliciano also issued a medical certification for Plaintiff's rest until May 7, 2017. Both medical certifications were provided to Defendant on May 2, 2017.

17. During a phone conversation on May 2, 2017, Ms. Pláceres informed the Plaintiff that she was not going to consider the medical certifications and that she was terminated for not reporting to work on May 1, 2017. During the conversation Ms. Pláceres also informed the Plaintiff that there were no vacancies positions at the Plaza del Caribe store to keep her working there.

18. Ms. Pláceres had previously also informed the Plaintiff (on May 1, 2017) that Plaintiff's position at the Ponce store had been terminated. However, on May 1, 2017 Defendant hired an employee to carry out Plaintiff's responsibilities at the Ponce store.

19. On May 3, 2017, Plaintiff received a call from María Bravo, a human resources employee, requesting information from the Plaintiff. Plaintiff asked Ms. Bravo if she was not aware that the day before Plaintiff had been terminated. Ms. Bravo then indicated to the Plaintiff that she was going to call her back which she did not.

20. In light of Ms. Bravo's call, on May 4, 2017 Plaintiff contacted Mr. Pláceres to confirm her termination. Ms. Pláceres then informed the Plaintiff that she was not terminated but that she had to report to work on the 8th of May at the store located in Plaza Las Americas Mall.

21. Plaintiff informed Defendant of her appointment with Dr. Feliciano on May 8, 2017, to which Ms. Pláceres indicated that she expected Plaintiff to report to work on 8th of May, 2017.  As a result of Plaintiff's visit to Dr. Feliciano on May 8, 2017 he issued 2 medical certifications.

22. These 2 medical certifications from Dr. Feliciano were provided to Defendant on May 8, 2017.  One of the medical certification was for Plaintiff's rest from work until May 15, 2017.  The second medical certification from Dr. Feliciano requested reasonable accommodation for the Plaintiff.  Dr. Feliciano also indicated that Plaintiff could not drive long distances.

23. Without even engaging in any discussion with Plaintiff regarding her doctor's requests for medical accommodation, and despite having both medical certifications from the Plaintiff which required her to be on rest until May 15, 2017, on May 9, 2017 Defendant terminated the Plaintiff for not reporting herself to work on May 8, 2017.

24. Plaintiff's symptoms associated with her condition of severe sleep apnea include excessive daytime sleepiness, sudden sleep attack, mood disorders, problem concentrating, abrupt awakenings while sleeping accompanied by gasping or choking, high blood pressure, headaches and panic attacks.

25. Plaintiff's condition of severe sleep apnea substantially limits her from performing major life activities among which are the following: sleeping and concentrating.

26. Plaintiff's condition of severe sleep apnea substantially limits her major bodily function of breathing while sleeping.

27. Plaintiff's condition of herniated lumbar discs with pinched nerves substantially limits her from performing major life activities among which are the following: standing or seating for too long and bending.

28. Defendant's alleged reason for terminating the Plaintiff was a subterfuge for disability discrimination in violation of the American with Disability Act and Puerto Rico laws.

29. Defendant's reason for terminating the Plaintiff is directly linked to Plaintiff's ADA medically related absence.

30. Plaintiff's highest salary within the last 3 years of her termination was $20,947 in 2014.

31. In light of Plaintiff's medical condition of severe sleep apnea and lumbar disc condition and the related physical limitation she experiences from these conditions she is a qualified individual under the American with Disability Act.

32. Defendant is an employer pursuant to the American with Disability Act.

33. As a result of Defendants' aforementioned disability discrimination conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages.  Since his dismissal, Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness.

34. On May 22, 2017 Plaintiff filed a disability discrimination charge with the Anti-discrimination Unit.  After exhausting administrative remedies Plaintiff received her right to sue letter on March 12, 2018

### FIRST CAUSE OF ACTION
*Disability Discrimination – Termination ADA*

35.  The allegations contained in paragraphs 1 through 34 of this Complaint are

incorporated by this reference as if fully set forth herein by Plaintiff.

36. Defendant's reason for terminating the Plaintiff constitutes evidence of disability discrimination as it took into account her ADA medically related absences.

37. Defendant's termination of Plaintiff was therefore based on her disability.

38. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

39. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## SECOND CAUSE OF ACTION
### *Reasonable Accommodation ADA*

40. The allegations contained in paragraphs 1 through 39 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

41. Defendant knowingly and purposefully did not make medically reasonable accommodations to the Plaintiff to attend to her disability medical needs.

42. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

43. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

### THIRD CAUSE OF ACTION
*Disability Discrimination – Termination  – Puerto Rico Law 100 and Law 44*

44. The allegations contained in paragraphs 1 through 43 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

45. Defendant's reason for terminating the Plaintiff constitutes evidence of disability discrimination as it was based on her medically related absences.

46. Defendant's termination of Plaintiff was therefore based on her disability.

47. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100 and Law 44.

48. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

### FOURTH CAUSE OF ACTION:
*Reasonable Accommodation – Puerto Rico Law 44*

49. The allegations contained in paragraphs 1 through 48 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

50. Defendant knowingly and purposefully did not make medically reasonable accommodations to the Plaintiff to attend to her disability medical needs.

51. Defendant's denial of Plaintiff's request for reasonable accommodation was based on Plaintiff's disability.

52. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment

      conduct pursuant to Puerto Rico Law 44.

53. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION:
### *Puerto Rico Law 80*

54. The allegations contained in paragraphs 1 through 53 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

55. Puerto Rico Law 80 of May 30, 1976 establishes an indemnity payment to employees who are discharged from their employment without just cause.

56. Defendant's termination of the Plaintiff constitutes a discharge without just cause.

57. As a direct and proximate cause of Defendants aforementioned conduct, Plaintiff is entitled, in addition to the salaries he would have earned, to an indemnification equal to 3 months plus 2 weeks for each of his 13 years of service pursuant to Puerto Rico Law 80, plus attorney's fees.

58. Plaintiff indemnification pursuant to Law 80 is estimated at $15,701.07 plus $2,356.51 in attorney's fee.

## JURY TRIAL

59. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant the payment of:

a. Compensation of TWO MILLION DOLLARS ($2,000,000.00) for the first, second, third and fourth causes of action;

b. Statutory, liquidated, and punitive damages under ADA, Law 100 and Law 44;

c. All loss wages including all fringe benefits Plaintiff would have earned up to the date of trial;

d. The salary wages including all fringe benefits Plaintiff would have earned in addition to an indemnification for the fifth cause of action totaling $15,701.07 plus $2,356.51 in attorney's fee.

e. double compensatory damages pursuant to Law 100 and Law 44;

f. Front pay;

g. Reinstatement;

h. All with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 9th of May, 2018.

*S/ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX 93**
**JUANA DIAZ, PR  00795**

Tel.: (787) 837-0031
Fax:  (787) 837-0032
e-mail: lcdoacevedo@yahoo.com